CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
November 19, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Megan Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **WILLIAM BEVERLY HODGES, IV,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:26-cv-00809** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HENRY COUNTY ADULT DETENTION** | ) | **By: Robert S. Ballou** |
| **CENTER, et al.,** | ) | **United States District Judge** |
| **Defendants.** | ) | |

William Beverly Hodges, IV, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983, against various individuals in their official capacity and against the Henry County Adult Detention Center, alleging a failure to provide adequate dental care, "denial of access cruel punishment to grievance, deny access to due process [and] race discrimination." Dkt. 1. As relief, Hodges requests "$50,000,000.00 in damages … for loss of teeth, pain suffering and timely manner." *Id*. In addition, Hodges requests "[$]10,000[,]000 [sic] in damages to [his] health and mind and them to show cause why." *Id*. He indicates that he is suing Sheriff Wayne Davis in both his official and individual capacity, and the remaining Defendants Medical Supervisor Emily Harding, Correctional Officer Jones, First Lieutenant Shumate, and Captain Kelly Redd, in their official capacities. Hodges also mentions Lieutenant Jesse in the body of his Complaint, but fails to list Jesse as a Defendant. In light of the decision in *Nichols v. Bumgarner*, 173 F.4th 511 (4th Cir. 2026), I direct Hodges to clarify for the Court and the Defendants whether he intended to name Jesse as a party to the lawsuit.

The case is now before the court for review under 28 U.S.C. § 1915A.[1] Upon review, I

---

[1] Also pending are Hodges's Motion for Order to Show Cause (Dkt. 3) and Hodges's Motion for Temporary Restraining Order on Correctional Officer Jones and Preliminary Injunction against the Department of Corrections (Dkt. 5), which will be addressed in a separate Order.

conclude that Hodges will be permitted to proceed *in forma pauperis* to the extent that he does not pay for service of process and may pay the filing fee via installments from his inmate trust account. However, certain claims and Defendants must be dismissed before service is ordered.

## I. FACTS

On July 10, 2026, Hodges "was put in jail at the Henry County Adult Detention Center." Dkt. 1. Hodges contends that he "was to have dental surgery July 11, 2026," and that "[t]he jail was told of [his] situation." First Lieutenant Shumate and Lieutenant Jesse came to Hodges's dorm to talk to him about his teeth on July 29, 2026, and Shumate and/or Jesse "told [Hodges] to pay [his] own fees to go to [the] dentist in which [Hodges has] done." *Id.* As of October 13, 2026, Hodges is "still suffering from incomplete dental work after a [illegible] on June 6 that caused [his] teeth to be broken out by biting down so hard during a siezure [sic]." *Id.*

Hodges also alleges that when asked for appropriate forms, including subpoena and grievance forms, from Captain Kelly Redd and First Lieutenant Shumate, he has been repeatedly denied forms. Furthermore, Captain Kelly Redd "told [Hodges that] this is [Captain Redd's] jail they do not provide forms [Hodges] need[s] nor do they provide the assistance [Hodges] need[s]." *Id.*

Hodges further contends that "[i]f its policy well the Shrieffs [sic] responsible for Capt Redd, 1st Lt Shumates operation of jail, also medical staff" and "C/O Jones has prevented [Hodges] meds [illegible]." *Id.* Lastly, Hodges alleges that "[his] [illegible] by all above has got [Hodges] situation much worse, [Hodges is] in pain, [his] gums infected, put in cold cell with loud beeping to futher [sic] fustrate [sic] [Hodges] they are cruel to [Hodges] and violating several constitutional rights." *Id.*

## II. STANDARD OF REVIEW

Before or soon after docketing, the court is required to review a complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following review, the court must dismiss a complaint or any portion thereof if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring the court to dismiss an action filed *in forma pauperis* if the court determines that the action fails to state a claim upon which relief may be granted). In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rules of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267 (4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint "must still 'state a claim to relief that is plausible on its face.'" *Sakyi v. Nationstar Mortg., LLC*,

770 F. App'x 113, 113 (4th Cir. 2019) (quoting *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014)). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from ... fragments." *Beaudett*, 775 F.2d at 1277–78.

Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

## III. DISCUSSION

### A. Section 1983 Claims

Hodges's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

*Defendant Henry County Adult Detention Center*

A jail or prison is "not a person" for § 1983 purposes and therefore is not a proper defendant to a § 1983 suit. *McCoy v. Chesapeake Correctional Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail."); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (concluding that the State, governmental entities that are considered "arms of the state," and officials acting in their official capacities, are not "persons" subject to suit under § 1983"). Further, because liability is personal, jail authorities cannot be liable for the actions of their employees, because the doctrine of vicarious liability or *respondeat superior* is not applicable to actions under § 1983. *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023). Therefore, Hodges's claims against Henry County Adult Detention Center must be dismissed.

*Defendants Sheriff Wayne Davis and Medical Supervisor Emily Harding*

To state a claim under § 1983, a plaintiff must plead facts supporting a reasonable inference that each defendant had "personal involvement" in the alleged constitutional violation. *Iqbal*, 556 U.S. at 676. Furthermore, "vicarious liability is inapplicable to ... § 1983 suits," therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

A supervisor may only be held liable under § 1983 for a constitutional violation committed by a subordinate official "where the supervisor's 'indifference or tacit authorization' was a 'causative factor in enabling the violation.' " *Bolick v. Anderson*, 169 F.4th 528, 541 (4th Cir. 2026) (quoting *Shaw v. Shroud*, 13 F.3d 791, 798–99 (4th Cir. 1994)). To hold a supervisory official liable for misconduct by a subordinate employee, the plaintiff must state facts showing that: (1) the defendant had actual or constructive knowledge that a subordinate's misconduct

"posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff," (2) the defendant's "response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) an "affirmative causal link" existed between the defendant's inaction and the plaintiff's injury. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014).

Here, Defendants Sheriff Wayne Davis and Medical Supervisor Emily Harding cannot be held vicariously liable for the actions of subordinate correctional officers without a plausible allegation of their personal involvement, which Hodges has not pled. Rather, he contends that they should be liable merely because of their managerial roles at the jail. Hodges has not set forth any facts that would suggest that these officials would have had knowledge that the purported misconduct would pose any risk of injury to Hodges, nor did he set forth facts regarding any prior incidents that would have placed the defendants on notice of such risk. *See Danser v. Stansberry*, 772 F.3d 340, 350 (4th Cir. 2014) (determining that a supervisor cannot be held liable without evidence that he was aware of issues before an alleged incident). From a reading of the facts as pled, it appears that Hodges is extrapolating liability from an assumed but factually unknown policy that may or may not exist. Hodges essentially argues that "*[i]f* its policy," (emphasis added) then the supervisors are liable, yet provides no factual basis for his naked allegations nor does he provide any information about an actual policy. Furthermore, although Hodges names Harding as a Defendant, he wholly fails to connect her to any of the alleged constitutional violation(s). Even if Hodges had named Harding, he has not pled sufficient facts for a showing of supervisor liability. Therefore, the named supervisory officials cannot be held liable for failing to prevent harm when they had no foreknowledge of the risk that harm would occur. Because Hodges has failed to present sufficient facts to support a supervisory

liability claim, Davis and Harding must be dismissed as Defendants.

*Defendants Correctional Officer Jones, First Lieutenant Shumate, and Captain Kelly Redd*

Liberally construing Hodges Complaint in his favor, however, he has alleged sufficient facts that would show that Defendants Correctional Officer Jones, First Lieutenant Shumate, and Captain Kelly Redd may have violated his constitutional rights. As noted, to state a claim under § 1983, Hodges must allege a personal connection between each defendant's actions and the denial of his constitutional rights. *See id.*; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (cleaned up)). A § 1983 claim requires concise factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by the defendant) (internal citation and quotation omitted).

Although sparse, it appears that Hodges is attempting to assert that Defendant Shumate and Redd interfered with his First Amendment Right to file grievances by "repeatedly deny[ing] a grievance form" and denied him access to the Courts by failing to provide the appropriate forms when requested. At this stage, more development of facts is required, but I cannot dismiss the claims.

The same is true with regard to Hodges's claims against Defendant Correctional Officer Jones. Hodges claims that Correctional Officer Jones "prevented [his] meds." It is unclear from the allegations what medications Jones prevented, how the prevention occurred or on what date(s) any of this allegedly happened. Furthermore, other than his title as "Medical Correctional

Officer," Hodges does not provide information about whether Jones is part of Hodges's medical team. However, based on the scant facts alleged, it appears that Hodges is attempting to assert an Eighth Amendment deliberate indifference claim. Similarly, a more profound development of facts is required, but I simply cannot dismiss the claims at this stage.

## IV. CONCLUSION

Accordingly, for the reasons stated, Hodges's claims against Defendants Henry County Adult Detention Center, Sheriff Wayne Davis, and Medical Supervisor Emily Harding are dismissed without prejudice. A separate Order will be entered.

The Clerk shall serve the remaining Defendants, Medical Correctional Officer Jones, First Lieutenant Shumate, and Captain Kelly Redd, pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Agreement on Acceptance of Service. A separate Order will be entered.

Furthermore, in light of the recent Fourth Circuit decision in *Nichols v. Bumgarner*, 173 F.4th 511 (4th Cir. 2026), Hodges is directed to clarify for the Defendants and the Court whether he intended to name Lieutenant Jesse as a party to the lawsuit. A separate Order will be entered.

Enter: November 18, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge